UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLEAN DATES,

        Appellant,

  v.

HSBC BANK U.S.A., N.A., as Trustee
For the Certificateholders of ACE Securities
Corp. Home Equity Loan Trust, Series 2006-FM2
Asset-Backed Pass-Through Certificates,

        Appellee.

Case No.: 1:13-cv-291

Judge Michael R. Barrett

(On appeal from U.S. Bankruptcy
Court Case No. 1:12-bk-14507)

**OPINION AND ORDER**

This matter is before the Court on Appellant Carlean Dates's Notice of Appeal from Bankruptcy Court (Doc. 1), Appellant's Initial Brief (Doc. 9), Appellant's Initial Brief Correction of Service (Doc. 14), Appellee HSBC Bank U.S.A., N.A.'s responsive brief (Doc. 17), Appellant's reply brief (Doc. 19), Appellant's Notice of Dispute and Notice of Judicial Notice (Docs. 20, 21), and Appellee's Motion to Dismiss (Doc. 23).  Appellant has not filed a response in opposition to Appellee's Motion to Dismiss, and the time for doing so has expired.

In the Initial Brief, Appellant indicates that she is appealing the bankruptcy court ruling on Appellee's proof of claim.  Specifically, she raises a number of issues focused primarily on the bankruptcy court's determinations as to whether Appellee is the holder of her note, the assignee of her mortgage, had authority to file a proof of claim, and complied with the bankruptcy code and rules in filing its proof of claim.[1]

---

[1] Appellant also filed an appeal on May 30, 2013 of the bankruptcy court's order providing Appellee relief from the automatic stay. *See Dates v. HSBC Bank U.S.A., N.A.*, No. 1:13-cv-376 (S.D. Ohio).  All issues relating to the automatic stay are addressed in that appeal.

1

Although the parties completed briefing on the issues raised by Appellant in her Notice of Appeal and Brief, Appellee now has filed a motion to dismiss Appellant's claims as moot because the bankruptcy court dismissed Appellant's Chapter 13 bankruptcy on May 14, 2014 for failure to make plan payments (Doc. 23-1, PageID 861), and the bankruptcy appellate court dismissed Appellant's appeal untimely (Doc. 23-2, PageID 863).[2] Appellant has not opposed that motion.

In the Sixth Circuit, "[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006 ); *see also Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)) ("'Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.'"). In the context of bankruptcy proceedings, several courts have specifically recognized that once the bankruptcy case is dismissed, there no longer is any reason to resolve a dispute over the proof of claim. *Green Goblin, Inc. v. Simons (In re Green Goblin Inc.)*, 2013 Bankr. LEXIS 574, at *9-10 (Bankr. E.D. Pa. Feb. 13, 2013). An objection to a proof of claim does not have viability and existence that is independent from the underlying bankruptcy case. *In re Green Goblin, Inc.*, 2013 Bankr. LEXIS 574, at *8-9. As the *In re Green Goblin, Inc.* bankruptcy court explained:

> The purpose of a proof of claim "is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate," *Adair v. Sherman*, 230 F.3d 890, 896 (7th Cir. 2000) (emphasis added); *see also In re Stern*, 70 B.R. 472, 476 (Bankr. E.D. Pa. 1987) (per Fox, J.), and to

---

[2] In ruling on a motion to dismiss, a court may consider public records. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (courts may consider materials beyond the complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice"). In doing so, the Court has verified that the documents referenced by Appellee have indeed been filed in the bankruptcy court as Document 184, entered on May 14, 2014, and Document 195, entered on July 15, 2014 by the Bankruptcy Appellate Panel of the Sixth Circuit.

> "permit the creditor to participate in the distribution . . . of the estate," *In re Horlacher*, 2009 U.S. Dist. LEXIS 33234, 2009 WL 903620, at *4 (N.D. Fla. Mar. 31, 2009) (emphasis added); *see also In re Dwiggins*, 359 B.R. 717, 723 (Bankr. W.D. Ark. 2007). With the dismissal of the case, property of the bankruptcy estate revests in the debtor (or other entity that owned the estate property pre-petition). *See* 11 U.S.C. §349(b)(3). The dismissal order terminates the bankruptcy estate. *See In re Lomagno*, 320 B.R. 473, 478 (B.A.P. 1st Cir. 2005); *In re Garnett*, 303 B.R. 274, 278 (E.D.N.Y. 2003).
>
> If there is no bankruptcy estate, it is obvious that there is no reason to resolve an objection to a proof of claim that seeks a distribution against the (now) non-existent bankruptcy estate. Indeed, it may not be an overstatement to suggest **that an objection to a proof of claim is mooted or abated as a matter of law by the dismissal of the underlying bankruptcy case**. . . .

2013 Bank. LEXIS 574, at *9-10 (emphasis added).

Applying that same principle, the Eleventh Circuit affirmed the dismissal of an appeal concerning a dispute of a proof of claim when the underlying bankruptcy case was dismissed. *See Futch v. Roberts (In re Roberts)*, 291 F. App'x 296, 298-99 (11th Cir. 2008). Although in that case it was the creditor that had appealed the bankruptcy court's decision that disallowed a proof of claim, the reasoning employed by the circuit court is equally applicable here. *Id.* Specifically, the Eleventh Circuit held that it was "unable to grant any effective relief with respect to the bankruptcy court's order disallowing [the creditor's] proof of claim as untimely" because the bankruptcy proceedings in which the creditor sought to have his proof of claim filed had been dismissed, which rendered the appeal moot. *Id.* at 299. *See also Koo v. VNO Shops on Lake, LLC (In re Koo)*, BAP No. CC-12-1558-KiTaKu, 2013 Bankr. LEXIS 4677, at *7-9 (B.A.P. 9th Cir. Oct. 1, 2013) (recognizing appeal of order allowing proof of claim over objections was moot because the bankruptcy case from which the defendant sought payment had been dismissed and a reversal of the claim order would be meaningless).

The reasoning provided in the above decisions is equally applicable in this case. In light of the fact that Appellant's Chapter 13 bankruptcy case has been dismissed for failure to make

3

payments and her appeal of that decision also has been denied as untimely, the issues concerning the proof of claim that are raised in this appeal are moot. Any decision by this court reversing the judgment of the bankruptcy court concerning Appellee's proof of claim now would be meaningless in the absence of a bankruptcy estate. Accordingly, the Court hereby **GRANTS** Appellee's Motion to Dismiss (Doc. 23) and **DENIES AS MOOT** Appellant's Notice of Appeal from Bankruptcy Court (Doc. 1), Appellant's Initial Brief (Doc. 9), Appellant's Initial Brief Correction of Service (Doc. 14), and Appellant's Notice of Dispute and Notice of Judicial Notice (Docs, 20, 21). This matter shall be **CLOSED.**

    **IT IS SO ORDERED**.

                                                         s/Michael R. Barrett  
                                                         JUDGE MICHAEL R. BARRETT  
                                                         UNITED STATES DISTRICT COURT